WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | CR 11-936 TUC DCB |
| v. | ) | |
| | ) | **ORDER** |
| Guadalupe Pardon-Gonzalez, | ) | |
| Defendant. | ) | |

After review of the Defendant's Rule 36 Motion to Resurrect the Omission of Defendant's Deportation Status, it appears the Defendant asserts there was a clerical error in his sentence because the Court inadvertently ignored his deportation status during his sentencing. Defendant's argument, as best as the Court can understand it, is that given his deportation status and Department of Justice policy changes January 31, 2012, he qualified for a fast-track reduction in his sentence. He asks the Court to grant him a four-level reduction.

First, Defendant's asserted mistake is not a clerical error subject to correction pursuant to Rule 36. More importantly, Defendant was given a "fast-track" reduction. Defendant was subject to a guideline imprisonment range of 30 to 37 months. The United States Sentencing Guideline, § 5K3.1 provides, upon motion of the government, the Court may depart downward *not more than four levels pursuant to an early disposition program*. In this case, the Plea Agreement provided for a three-level downward departure based on

/////

U.S.S.G. § 5K3.1, for a guideline range of 21 to 27 months in prison. The Court sentenced the Defendant to 21 months in prison.

**Accordingly,**

**IT IS ORDERED** that the Motion to Resurrect the Omission of Defendant's Deportation Status (Doc. 20) is DENIED.

DATED this 6th day of April, 2012.

David C. Bury
United States District Judge